IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02196-PSF-OES

TERRY HANKINS,

    Plaintiff,

v.

GALE NORTON, as Secretary of Interior, USA,

    Defendants.
_____

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court on the Report and Recommendations of United States Magistrate Judge (Dkt. # 41), filed September 2, 2005. The Court's review of the Recommendations is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). As no party has objected to the Recommendations, the Court has reviewed the Report and Recommendations to determine if it constitutes clear error. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 2003) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). After reviewing the underlying motions and the record, the Court concludes that the Recommendations represent a correct application of the facts and the law and are not clearly erroneous.

The Court specifically finds and agrees with the Magistrate Judge that:

1) Plaintiff's tendered Second Amended Complaint lacks a showing of plaintiff's

standing on its face and fails to identify a waiver of sovereign immunity for a suit against the United States; 2) Plaintiff's First Amended Complaint ("Complaint") (Dkt. # 7) fails to identify a waiver of sovereign immunity for a suit against the United States; 3) Plaintiff's Complaint lacks jurisdiction under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701-06, for the claim for relief regarding 43 C.F.R. § 3715 regulations as applied to the plaintiff because the plaintiff has failed to exhaust administrative remedies by appealing the Amended Notice of Noncompliance ("NON") to the Interior Board of Land Appeals ("IBLA"), and thus the challenged agency action is not "final" for purposes of 5 U.S.C. § 704; 3) Plaintiff's Complaint lacks jurisdiction under the APA for his request that this Court overturn 43 C.F.R. § 3715 regulations because the issue is not ripe due to the plaintiff's failure to exhaust administrative remedies; 4) Plaintiff's Complaint lacks jurisdiction under the APA for his claim for relief asking this Court to "cancel" the regulations found at 43 C.F.R. subpart 3809 because the plaintiff has not alleged that the subpart has been applied to him and thus lacks a requisite injury in fact to establish standing; 5) Plaintiff's Complaint lacks jurisdiction under the APA for his challenge to the patent moratorium because the plaintiff has not alleged that he has filed a patent application and thus lacks standing to challenge the moratorium's legality; 6) Plaintiff's Complaint lacks jurisdiction under the APA for his mandamus request to order the Bureau of Land Management ("BLM") to grant the plaintiff a patent for his mining claim as the plaintiff has not alleged any facts suggesting that the BLM has unlawfully failed to act; 7) Plaintiff's Complaint lacks jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), for the plaintiff's regulatory taking claim as jurisdiction for

Tucker Act claims exceeding $10,000 lies exclusively in the United States Court of Federal Claims per 28 U.S.C. § 1346(a)(2); 8) Plaintiff's Complaint lacks jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) because the plaintiff has failed to exhaust administrative remedies as required under the FTCA, particularly by failing to file a required administrative claim to waive sovereign immunity; and 9) Plaintiff's Petition for Stay (Dkt. # 9) fails to meet the required "irreparable harm" factor as the plaintiff may still appeal administratively to the IBLA and he has the opportunity to cure his noncompliance in the use and occupancy of public lands.

Further, this Court finds that APA exhaustion requirements cannot be waived in this case on the basis of futility.  None of the exhaustion exceptions applies here. *See McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992) (discussing futility exception to exhaustion); *Massengale v. Okla. Bd. of Exam'rs. in Optometry*, 30 F.3d 1325, 1328 (10th Cir. 1994) (same).  Indeed, the Amended NON is a direct result of the plaintiff's somewhat successful appeal of the first NON.  The IBLA reversed the BLM's original NON regarding the plaintiff's use of his mining claim for storage and found that the BLM improperly ordered Mr. Hankins to cease activity rather than allow him an opportunity to correct his mining operations.  It appears Mr. Hankins still has an opportunity to challenge the BLM's Amended NON by appealing the order to the IBLA.  Accordingly, it is

ORDERED as follows:

1. The Court accepts and adopts the Recommendation of United States Magistrate Judge (Dkt. # 41);

2. The Court GRANTS Defendant's Motion to Strike Plaintiff's Second Amended Complaint (filed February 7, 2005; Dkt. # 28);

3. The Court GRANTS Defendant's Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)(1) (filed January 6, 2005; Dkt. # 22) and this lawsuit is dismissed in its entirety without prejudice;

4. The Court DENIES Defendant's Motion to Dismiss Pursuant to F.R.Civ.P. 12(b)(6) (filed January 6, 2005; Dkt. # 21-1);

5. The Court DENIES Defendant's alternate Motion for a More Definite Statement Pursuant to F.R.Civ.P. 12(e) (filed January 6, 2005; Dkt. #21-2);

6. The Court DENIES Plaintiff's Petition for Stay (filed November 5, 2004; Dkt. # 9).

DATED:  September 27, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge